Moore, J.
There is no rule of the common law, which expressly decides, that the stealing of a slave is larceny; but there is a rule which declares that the stealing of the personal chattels of another, with a felonious intent, is larceny; and a slave is the personal chattel of his owner. This rule consequently extends its protection to every species of personal property, though not admitted and known as a subject of property, when the law was formed.
With respect to the act of Assembly, it was passed in turbulent times, when a practice prevailed, of carrying slaves away, under the pretence that they belonged to the public, as confiscated; or that they were owned by disaffected persons or the like: they were sometimes carried off privately and by stealth, at other times openly and by vi *130 olence: the former case is embraced by the word steal: the words next following repress the mischief of carrying slaves away by open force, or by persuation, or any other means, than by stealth, accompanied nevertheless with an intention to appropriate to the taker’s own use. The word “steal” does include, ex vitermini, an intention to appropriate to his own use, or to sell or dispose or to another; and therefore the intention expressed in the act, if applied to the crime of stealing, is useless and redundant. But the other modes of taking away slaves, enumerated in the act, do not necessarily import the intention of selling them, or of appropriating them to their own use; nor are they, when unaccompanied by such intention, so detrimental or injurious. Of these offences, the intention forms a principal ingredient, and to them the words must be exclusively referred. I am consequently of opinion, that the judgment ought not to be arrested.